MORGAN, LEWIS & BOCKIUS LLP
Michael D. Weil, Bar No. 209056
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001
michael.weil@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Claire M. Lesikar, Bar No. 311180
1400 Page Mill Road
Palo Alto, CA 94304
Tel:     +1.650.843.4000
Fax:     +1.650.843.4001
claire.lesikar@morganlewis.com

Attorneys for Defendant
M.A.C. Cosmetics, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YILENIA ARAUZ, an individual,<br><br>                 Plaintiff,<br><br>            vs.<br><br>MAC COSMETICS, INC., a Delaware corporation; DOES 1 through 25, inclusive,<br><br>                 Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT BY DEFENDANT M.A.C. COSMETICS, INC.—DIVERSITY OF CITIZENSHIP**<br><br>[28 U.S.C. §§ 1332, 1367, 1441, AND 1446] |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF YILENIA ARAUZ AND HER ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332 (a), 1441, and 1446, Defendant M.A.C. Cosmetics, Inc. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Joaquin, to the United States District Court for the Eastern District of California.  This Court has original subject matter jurisdiction over Plaintiff Yilenia Arauz's ("Plaintiff") lawsuit based on diversity jurisdiction.

 In support of this removal, Aramark states the following:

**I.** **PLEADINGS, PROCESS, AND ORDERS**

 1. On August 15, 2022, Plaintiff filed an unverified complaint for damages in the Superior Court of the State of California, for the County of San Joaquin, entitled *Yilenia Arauz v. MAC Cosmetics, Inc.*, Case No. STK-CV-UWT-2022-0007106 (the "Complaint").  The Complaint alleges four causes of action: (1) Harassment in Violation of Govt. Code § 12940 et. seq; (2) Retaliation in Violation of Labor Code § 1102.5; (3) Intentional Infliction of Emotional Distress; and (4) Wrongful Termination in Violation of Public Policy of the State of California.

 2. Plaintiff's Complaint was served on Defendant on August 22, 2022.  True and correct copies of the Summons, Plaintiff's Complaint, and all documents served with the Complaint are attached as **Exhibit A**.

 3. On September 20, 2022, Defendant filed and served its Answer to the Complaint.  A true and correct copy of the Answer to the Complaint is attached as **Exhibit B**.

 4. **Exhibits A and B** constitute all the pleadings, process, and orders served upon or by Defendant in the Superior Court action.

**II.** **THE REMOVAL IS TIMELY**

 5. This Notice of Removal is filed timely, pursuant to 28 U.S.C. § 1446(b), because Defendant filed it within thirty days of completion of service on Defendant.  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

### III.   DIVERSITY JURISDICTION EXISTS

6.      This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Removal to this Court is proper under the provisions of 28 U.S.C. §§ 1441(a) and (b) because the action involves citizens of different states and the amount in controversy exceeds $75,000.

### A.   Complete Diversity of Citizenship Exists Between the Parties.

7.      A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought.  28 U.S.C. § 1441(a)–(b).  The citizenship of improperly and fraudulently joined defendants should be disregarded for removal purposes.  *McCabe v. Gen. Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Here, all requirements are met because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Pennsylvania.

#### 1. Plaintiff Is a Citizen of California.

8.      "An individual is a citizen of the state in which he is domiciled . . . ."  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  Evidence of continuing residence creates a presumption of domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).  Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Id.*

9.      At the time Plaintiff filed this civil action, Plaintiff was a citizen of the State of California.  Complaint ¶ 1..  Plaintiff has been employed by Defendant in California since February 2015 and remains a current employee.  Declaration of Scott Mayhugh ("Mayhugh" Decl.) ¶ 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT'S NOTICE OF REMOVAL

**2. Defendant M.A.C. Cosmetics, Inc. Is a Citizen of Delaware and New York, Not California.**

10.    For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

11.    Defendant is now and, prior to and after the commencement of this action on August 15, 2022, has been a corporation organized and existing under and by virtue of the laws of Delaware. Complaint ¶ 3.  Currently and prior to and since the commencement of this action, the Company has had its corporate headquarters and principal place of business in New York, New York.  Mayhugh, Decl. ¶ 3.  New York, New York is where direction, control, and coordination for the Company and executive functions take place.  *Id.*  The greater part of the Company's administrative functions (including, but not limited to, operations, corporate finance, accounting, human relations, payroll, marketing, legal, and information systems) are conducted in New York, New York.  *Id.*  MAC's senior executives work from the New York headquarters and direct, control, and coordinate the company's corporate activities from New York.  *Id.*

12.    Defendant is therefore a citizen of the State of Delaware and the State of New York for purposes of determining diversity jurisdiction.  28 U.S.C. § 1332(c)(1).  As a result, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen and/or resident of the State of California for purposes of determining diversity jurisdiction.

13.    In compliance with 28 U.S.C. § 1441(b), none of the "parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought."  The inclusion of "Doe" Defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a) (stating

that for purposes of removal, the citizenship of Defendant sued under fictitious names shall be disregarded).  In determining whether diversity of citizenship exists, only the named defendants are considered.  *Id.*

14.     Based on the foregoing, complete diversity exists because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and New York.

**B.     <u>The Amount Plaintiff Places in Controversy Exceeds $75,000.</u>**

15.     Although the Complaint does not allege a damages amount as to each claim, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

16.     Defendant is informed that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  Plaintiff alleges in her Complaint that Defendant constructively terminated her employment in retaliation for engaging in protected activity.  Plaintiff seeks to recover "actual, consequential, and incidental financial losses"; "compensatory, general, and punitive damages"; "civil penalty in an amount not exceeding 10,000.00 for each violation of Labor Code section 1102.5"; "statutory attorney's fees and costs of suit"; "pre-judgment and post-judgment interest"; "declaratory relief"; and "[f]or such other and further relief as the Court deems just and proper."  Exh. A, Complaint, Prayer for Relief.  Were Plaintiff to prevail in this action, the damages could exceed $75,000.

**1.     Plaintiff's Claim Put More than $75,000 in Controversy.**

17.     At the time of her removal from the Macy's store, Plaintiff earned $17.00 per hour and worked an average of 21.4 hours per week, which equates to approximately $1,455 in base monthly salary, not including overtime.  Mayhugh Decl., ¶ 4.  A jury trial in this case likely would not occur for almost three years from the date of removal.  *See* United States District Courts – National Judicial Caseload Profile for the Eastern District of California, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf (reflecting a median time of approximately thirty-one months from filing date to trial date in civil cases in the Eastern District of California).  Thirty-one months from August 15, 2022—the date Plaintiff filed her

Complaint—is March 15, 2025 giving a total amount of time between her last day worked and trial of approximately 43 months.

18.      At the time of trial, Plaintiff's lost wages claim would be approximately $62,565 ($1,455 x 43).  *See, e.g.*, *Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation).

19.      Plaintiff also seeks front pay.  "Because Plaintiff 'claims at the time of removal that her termination caused her to lose future wages, . . . then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them.'" *Molina v. Target Corp.*, 2018 WL 3935347, at *3 (C.D. Cal. Aug. 14, 2018) (quoting *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018)).  Such awards in California often span several years.  *See*, *Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1987) (front pay until mandatory retirement age reached); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d. 695, 705 (1972) (ten years).  Even conservatively estimating that Plaintiff seeks front pay damages that are equivalent to approximately half of her tenure with MAC, the amount of future wages in controversy in this case would total an additional $52,380 ($1,455 x 36 months).

20.      Plaintiff's possible back and front pay recovery alone places at least $114,945 in controversy.  Thus, Plaintiff's claims for back and front pay alone causes the amount in controversy to exceed $75,000.

### 2.   Plaintiff Alleges Emotional Distress Damages

21.      Plaintiff also alleges emotional distress damages.  *See, e.g.*, Exh. A, Compl., ¶¶ 22, 35, 40, 47, 50, 53, and 60.  In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages.  *Hunt v. Wash. State*

*Apple Advert.  Comm'n*, 432 U.S. 333, 347-48 (1977), superseded by statute on other grounds;

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  Indeed, numerous

California Courts have awarded more than $75,000 in emotional distress damages alone.  *See,*

*e.g., Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal

upheld jury award in excess of $75,000.00 for emotional distress damages); *Satrap v. Pac. Gas &*

*Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic

damages was upheld).  Accordingly, it is reasonable to assume that Plaintiff seeks in excess of

$75,000 for alleged emotional distress damages alone.

### 3. Plaintiff's Claim for Punitive Damages Places Additional Amounts in Controversy.

22. Plaintiff also requests an unspecified amount in punitive damages related to her first,

second, and fourth causes of action.  *See* Exh. A, Compl., ¶¶ 42, 48, 62.  Plaintiff's claims for punitive

damages are part of the amount in controversy when determining diversity jurisdiction.  *Gibson v.*

*Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  California juries have returned verdicts with

substantial punitive damage awards in employment harassment and retaliation actions.  *See Harris v.*

*Herring Networks, Inc.*, 2020 WL 1703963 (San Diego Cnty. Sup. Ct. Feb. 6, 2020) (harassment,

discrimination and retaliation case resulting in a punitive damages award of $810,000); *Diaz v. Tesla*

*Inc.*, 2021 WL 5749083 (N.D. Cal. Oct. 19, 2021) (harassment and retaliation case resulting in a

punitive damages award of $130,000,000); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334

(S.D. Iowa 1994) ("Because the purpose of punitive damages is to capture a defendant's attention and

deter others from similar conduct, it is apparent plaintiff's claim for punitive damages alone might

exceed [the jurisdictional amount].").  Thus, Plaintiff's claim for punitive damages places an even

greater amount in controversy.

**4. Plaintiff's Claim for Attorneys' Fees Places Additional Amounts in Controversy.**

23.     Plaintiff also seeks to recover an unspecified amount of attorneys' fees.[1]  Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy.  *See, e.g., Galt G/S*, 142 F.3d  at 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 697-98 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, No. S-06-cv-2573, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation").  The total amount of attorneys' fees that could accrue during the course of litigation are considered.  *Lippold v. Godiva Chocolatier, Inc.*, No. C 10–00421, 2010 WL 1526441, at *3–4 (N.D. Cal. Apr. 15, 2010) ("a reasonable estimate of attorneys fees likely to be expended" should be included in calculating the amount in controversy); *accord Pulera v. F & B, Inc.*, No. 2:08-cv-00275 – MCEDAD, 2008WL 3863489, at *4–5 (E.D. Cal. Aug. 19, 2008); *Celestino*, 2007 WL 1223699 at *4; *Simmons*, 209 F. Supp. 2d at 1034–35 (N.D. Cal.2002); *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. Jan. 12, 2002).

24.     Here, Plaintiff brings a harassment claim under the Fair Employment and Housing Act, which allows a "prevailing party" to recover reasonable attorneys' fees.  Cal. Gov. Code § 12965(b) ("[T]he court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees"); *Simmons*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.").

25.     Conservatively assuming that Plaintiff's counsel charges $300 per hour, attorneys' fees would total $75,000 after 250 hours of work.  *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14–09154–AB, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding $300 per hour to be a "reasonable rate" for attorneys' fees in employment cases and 100 hours to take a case to trial to be a

---

[1] *See, e.g.*, Exh. A, Compl.,¶¶ 43, 48, and Prayer for Relief.

"conservative" estimate; therefore, attorneys' fees in employment cases "may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)"). Plaintiff's counsel would likely exceed this amount during just the pretrial phase of litigation.

26.     Thus, the amount of attorneys' fees incurred by Plaintiff in connection with prosecuting the instant action would increase the above figures even more, and, when combined with the other damages, exceed the jurisdictional threshold of this Court.

27.     While Defendant denies any and all liability to Plaintiff, based on a conservative, good faith estimate of the value of the alleged damages in this action (lost wages, emotional distress, punitive damages, and attorneys' fees), the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present); *see also Simmons*, 209 F. Supp. 2d at 1031–35 (holding that Plaintiff's damage claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

## IV.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

28.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1441(a) because this district embraces the county—San Joaquin—in which the removed action has been pending.

29.     Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## V.     CONCLUSION

30.     Defendant respectfully requests that this action be removed from the Superior Court of the State of California for the County of San Joaquin to the United States District Court for the Eastern District of California, and that all future proceedings in this matter take place in the United States District Court for the Eastern District of California.

31.    If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of their position that this case is removable.

Dated:  September 21, 2022                 MORGAN, LEWIS & BOCKIUS LLP

                                           By  */s/ Michael D. Weil*
                                               Michael D. Weil
                                               Claire M. Lesikar
                                               Attorneys for Defendants
                                               M.A.C. COSMETICS, INC.

DEFENDANT'S NOTICE OF REMOVAL

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*
RECEIVED
2022-08-15 04:36:27

Filed AUG 1 5 2022
BRANDON E. RILEY, CLERK

By _____
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MAC COSMETICS, INC., a Delaware corporation and DOES 1
through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YILENIA ARAUZ, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Joaquin - Stockton Courthouse
180 E Weber Ave, Stockton, California 95202

STK-CV-UWT-2022- 7106

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Jerome Anthony Clay, Jr., Esq
LAW OFFICES OF JEROME A. CLAY, 5178 Mowry Avenue, Suite 145, Fremont, California 94538
Telephone: (209) 603-9852 Facsimile: (510) 280-2841 E-mail: Jclay7@claylaw.net

DATE: AUG 1 5 2022    BRANDON E. RILEY Clerk, by _____ Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Mac Cosmetics

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*: 8/2/22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jerome Anthony Clay, Jr., Esq. (SBN: 327175)<br>5178 Mowry Avenue, Suite 145, Fremont, CA 94538<br><br>TELEPHONE NO.: (209) 603-9852     FAX NO. *(Optional):* (510) 280-2841<br>E-MAIL ADDRESS: jclay7@claylaw.net<br>ATTORNEY FOR *(Name):* Plaintiff, YILENIA ARAUZ | **Electronically Filed**<br>**Superior Court of California**<br>**County of San Joaquin**<br>**2022-08-15 04:36:27**<br>**Clerk: Helen Green** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN JOAQUIN**<br>STREET ADDRESS: 180 E. Weber Avenue<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Stockton, CA 95202<br>BRANCH NAME: CIVIL | **Case Management Conference**<br>**02/24/2023 08:45 AM in 10A** |
| CASE NAME:<br>ARAUZ VS. MAC COSMETICS, INC.,  ET AL. | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: STK-CV-UWT-2022-0007106 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24) | [ ] Other contract (37)<br>**Real Property** | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08) | [ ] Other real property (26)<br>**Unlawful Detainer** | [ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint** |
| [ ] Defamation (13)<br>[ ] Fraud (16) | [ ] Commercial (31)<br>[ ] Residential (32) | [ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19)<br>[ ] Professional negligence (25) | [ ] Drugs (38)<br>**Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [X] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | |

**2.** This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
**4.** Number of causes of action *(specify):* Four (4): Discrimination, Harassment, Retaliation, and Wrongful Termination
**5.** This case [ ] is  [X] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 15, 2022

Jerome Anthony Clay, Jr.
_____ (TYPE OR PRINT NAME) ▶  _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

#### Case Number: **STK-CV-UWT-2022-0007106**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 02/24/2023 | Time:  8:45 AM Department:10A |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE GEORGE J. ABDALLAH IN DEPARTMENT 10A FOR ALL PURPOSES, INCLUDING TRIAL | Stockton | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1.  You must:

    a.  **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

    b.  **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c.  **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d.  **Collection cases** are managed pursuant to CRC 3.740.

2.  Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3.  If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4.  Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 08/15/2022

    Helen Green  ,Deputy Clerk

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

1   Jerome Anthony Clay, Jr., Esq. (SBN: 327175)
2   LAW OFFICES OF JEROME A. CLAY
3   5178 Mowry Avenue, Suite 145
4   Fremont, CA 94538
5   Phone: (209) 603-9852
6   Fax: (510) 280-2841
7   jclay7@claylaw.net

8   Attorney for Plaintiff
9   YILENIA ARAUZ

Electronically Filed
Superior Court of California
County of San Joaquin
2022-08-15 04:36:27
Clerk: Helen Green

Case Management Conference
02/24/2023 08:45 AM in 10A

STK-CV-UWT-2022-0007106

10   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11   **IN AND FOR THE COUNTY OF SAN JOAQUIN**

| | | |
|---|---|---|
| 12   **YILENIA ARAUZ,** an individual, | ) | CASE No.: _____ |
| 13 | ) | |
| 14   *Plaintiff,* | ) | **PLAINTIFF'S COMPLAINT** |
| 15 | ) | **FOR DAMAGES FOR:** |
| 16   vs. | ) | **1. HARASSMENT IN VIOLATION OF** |
| 17 | ) | **GOVT. CODE §12940 et. seq.** |
| 18 | ) | **2. RETALIATION IN VIOLATION OF** |
| 19 | ) | **LABOR CODE §1102.5** |
| 20   **MAC COSMETICS, INC.,** a Delaware | ) | **3. INTENTIONAL INFLICTION OF** |
| 21   corporation and **DOES 1 through 10,** inclusive, | ) | **EMOTIONAL DISTRESS** |
| 22 | ) | **4. WRONGFUL TERMINATION IN** |
| 23   *Defendants.* | ) | **VIOLATION OF PUBLIC POLICY** |
| 24 | ) | **OF THE STATE OF CALIFORNIA** |
| 25 | ) | |
| 26 | ) | **Demand for Jury Trial** |
| 27 | ) | |

28       Plaintiff, YILENIA ARAUZ (hereinafter referred to as "Plaintiff" or "ARAUZ"), brings this

29   action against Defendant MAC COSMETICS INC., a Delaware corporation (hereinafter referred to as

30   "MAC"), and DOES 1 through 10, inclusive (hereinafter collectively referred to as "Defendants") and

31   alleges as follows:

32                      **PARTIES**

33       1.      Plaintiff, ARAUZ is an individual who is and at all times relevant to this Complaint was

34   a resident of California. At all times relevant to this Complaint, Plaintiff was an employee of Defendant

35   within the meaning of Government Code, sections 12940 et seq., which obligates employers to provide

1 a work environment free from discrimination, retaliation and harassment and take all reasonable steps

2 necessary to prevent discrimination, retaliation, and harassment from occurring.

3     2.    Also, Plaintiff was an "employee" of Defendant within the meaning of Government Code,

4 section 12926, subdivision (c), the applicable Industrial Wage Commission Order, and the California

5 Labor and Government Codes.

6     3.    Defendant MAC is a Delaware corporation and, at all times relevant hereto, conducted

7 business in Stockton County, California, and its place of business is 5242 Pacific Avenue, Stockton, CA

8 95207. At all times relevant to this lawsuit, Defendant MAC was an employer within the meaning of

9 Government Code, sections 12926, subdivision (d), and 12940, subdivision (j)(4)(A), and, as such, is

10 barred from discriminating in employment, as set forth in Government Code, sections 12940, et seq.

11     4.    Plaintiff is ignorant of true names and capacities of Defendants sued herein as DOES 1

12 through 10, inclusive, and therefore sue these Defendants by such fictitious names under Code of Civil

13 Procedure, section 474. Plaintiff will seek the Court's leave to amend this Complaint to allege the true

14 names and capacities of Defendants sued herein as DOES 1 through 10 when ascertained. Plaintiff is

15 informed and believes and thereon alleges that each Defendant is responsible in some manner for the

16 occurrences alleged herein.

17     5.    All Defendants compelled, coerced, aided, abetted and/or ratified the discrimination,

18 retaliation, harassment, and other illegal actions alleged in this Complaint; this conduct is prohibited

19 under Government Code, sections 2940 et. seq. All Defendants were responsible for the events and

20 damages alleged herein, including on the following basis: (a) Defendants committed the acts alleged; (b)

21 at all relevant times, one or more of the Defendants was the agent or employee and/or acted under the

22 control or supervision of one or more of the remaining Defendants and, in doing the acts alleged, acted

23 within the course and scope of such agency and employment is or are otherwise liable for Plaintiff's

1   damages; (c) at all relevant times, there existed a unity of ownership and interest between two or more of

2   the defendants such that any individuality and separateness between those defendants have ceased, and

3   defendants are the alter egos of one another.  Defendants exercised domination and control over one

4   another to such an extent that any individuality or separateness of defendants does not, and at all times

5   herein mention did not, exist.  Adherence to the fiction of the separate existence of defendants would

6   permit abuse of the corporate privilege and would sanction fraud and promote injustice.  Defendants'

7   actions were taken by employees, supervisors, executives, officers, and directors during employment

8   with Defendant MAC.

9                                    **JURISDICTION AND VENUE**

10      6.      Jurisdiction is proper pursuant to the Code of Civil Procedure, sections 32.5, 410.10, and

11   Government Code, section 12965, subdivision (c)(3).

12      7.      Jurisdiction of this Court is also invoked pursuant to the Fair Employment and Housing

13   Act ("FEHA").  Specifically, Government Code, section 12965, subdivision (b) provides that after

14   receiving a right to sue letter from the Department of Fair Employment and Housing ("DFEH"), an

15   aggrieved individual may file a civil lawsuit "against the person, employer, labor organization or

16   employment agency named in the verified complaint within one year from the date of that notice."

17      8.      The venue is proper in this Court pursuant to Code of Civil Procedure, section 395,

18   subdivision (a) and Government Code, section 12965, subdivision (c)(3).  Pursuant to the Government

19   Code, section 12965, subdivision (c)(3), the Superior Courts of the State of California shall have

20   jurisdiction over actions brought pursuant to this section, and the aggrieved person may file in these

21   courts.  An action under the FEHA may be brought in any county in the state in which the unlawful

22   practice is alleged to have been committed, in the county where relevant records are maintained, or in the

23   county where the aggrieved person would have worked.

LAW
OFFICES OF
JEROME A.
CLAY

3
Complaint

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9.      Plaintiff has met all the jurisdictional requirements for proceeding with her claims under the FEHA (Gov. Code, §§ 12960 et seq.) by timely filing administrative complaint with DFEH.  At Plaintiff's request, the DFEH issued a Notice of Case Closure and Right to Sue on June 15, 2022.  A true and correct copy of the Right to Sue letter is attached hereto as **Exhibit "A"** and fully incorporated herein by reference.

10.     This action is filed within one year of the date of the Right to Sue letter.  Plaintiff has fully exhausted her administrative remedies.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11.     MAC is an American cosmetics manufacturer dealing in beauty and make-up products all over the world.

12.     On March 7, 2015, Plaintiff ARAUZ started her employment with MAC as a MAC's Freelancer inside Macy's Store (hereinafter referred to as "Macy's) in Stockton, California.

13.     ARAUZ excelled in her position, and in May 2016, she got hired as a permanent artist for MAC.  She worked for MAC at Stockton inside Macy's store.

14.     On August 1, 2021, a robbery occurred inside Macy's store.  Three men and a woman robbed the Chanel fragrance counter.

15.     Plaintiff recorded the robbery discreetly.  After the robbers left the premises, Plaintiff told Krista Griffin (a Macy's manager) that she had a video of the robbery.  With a lot of excitement in her voice, Krista Griffin told Plaintiff to send her the video.  Plaintiff told Krista Griffin to provide this video for evidence to the police.

16.     Plaintiff told her friend, who works at Dillard's across the street from Macy's, about what happened and to be vigilant in case they decide to hit them next.  Plaintiff's friend asked her what these

1  people looked like?  She told her that she had a video of what had happened.  At her friend's request,

2  Plaintiff shared the footage of the robbery with her friend.

3      17.  Krista Griffin approached Plaintiff with Asset Protection, asking if Plaintiff had sent the

4  video to anyone else.  Plaintiff replied, "Yeah, you and my friend".  At this, Krista Griffin sighed and

5  looked relieved and told Plaintiff to call her friend and get this video taken down because it was going

6  viral, and they did not want any media attention on the robbery.  Further, Krista Griffin stated that if this

7  video was not taken down, it would jeopardize Plaintiff's job.  Krista Griffin incited fear, and Plaintiff

8  felt bullied when Krista told Plaintiff that if this video was not taken down, it would come back and affect

9  Plaintiff.  Krista Griffin also said she had been refreshing it 209 times just in case it was there.

10      18.  Plaintiff is informed, believed, and thereon alleges that Plaintiff's friend had sent the video

11  to a Chanel associate and Chanel associate sent it to Chanel manager.  Plaintiff is informed, believed, and

12  thereon alleges that the Chanel Manager posted the video on Instagram.  But shortly thereafter, the video

13  was taken down after Dillard's manager was asked to delete the post.

14      19.  Krista Griffin already knew and had video of the robbery, but she and the Asset Protection

15  lady said to Plaintiff, "*we have you on video recording the robbery.*"

16      20.  After the video was taken down, Plaintiff told Asset Protection personnel that everything

17  was good now, and she said that HR was aware of Plaintiff's video.

18      21.  Krista Griffin then pulled Plaintiff aside, took her to MAC's office with Grace Granados,

19  and told Plaintiff that she was suspended until further notice.  Plaintiff was informed that she had violated

20  Macy's policy.  Plaintiff never knew Macy's this policy.  Krista Griffin never provided said policy to

21  Plaintiff.  The only training Plaintiff received was about sexual harassment, safety, and what to do when

22  there is an active shooter.

22.     Krista Griffin and Grace Granados later escorted Plaintiff outside the store, and Plaintiff felt humiliated and degraded when they did that.   They treated Plaintiff as if she was the one who committed robbery.  Also, security was outside watching her when Plaintiff was walking to her car.

23.     On August 5, 2021, Renee (Macy's store manager) called Plaintiff and gave her hope that everything would be fixed and bare with her.  But, two weeks after Plaintiff was suspended, Macy's informed MAC's HR that Macy's decided they did not want Plaintiff back anymore because she violated their policy and recording was a safety issue.  They also said that Plaintiff was banned and no longer ever re-hirable with Macy's and Bloomingdales.  However, Macy's appreciated Plaintiff's video.

24.     MAC's HR informed Plaintiff that they had nothing to offer to Plaintiff at a MAC store. MAC told Plaintiff that she had two options: quit or step down as an on-call freelancer.  Plaintiff chose to step down because she wanted to still qualify for unemployment.  MAC had zero hours for Plaintiff due to COVID reducing hours from artists.

25.     At the time of the robbery, a handful of Macy's associates were working with some customers in the store.

26.     Plaintiff further alleges that a Macy's associate posted pictures of the robbery on her Facebook, and later, Grace pulled that associate aside and told her to delete the photos because it was an active investigation, and she did not want her to get in trouble.  Plaintiff never posted anything on social media, yet she lost her job.

27.     Plaintiff is informed, believed, and thereon alleges that when Macy's in Tracy, California got hit by the same people, Macy's associates posted videos of the robbery, and they did not lose their jobs.

28.     Krista Griffin also shared the video of the robbery, but she did not lose her job.  Plaintiff's manager at the time told her that Grace Granados told her that Krista Griffin admitted that she shared the video with three people – Eric, Asset Protection Manager; HR; and another person.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Harassment in Violation of Govt. Code §12940 et. seq.)**
**(Against All Defendants)**

29.     Plaintiff repeats, re-alleges, and incorporates by reference the paragraphs 1–28 with the same force and effect as though fully set forth herein.

30.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

31.     As such term is used under FEHA, "on the bases enumerated in this part means or refers to harassment on the bases of one or more of the protected characteristics under FEHA."

32.     These laws set forth in the preceding paragraph require Defendants to refrain from harassing or creating or maintaining a hostile work environment against an employee based upon the employee's race and national origin and engagement in protected activities as set forth hereinabove.

33.     Plaintiff was subjected to unwanted harassing conduct by Defendants because of Plaintiff's other protected characteristics.

34.     In the instant matter, Plaintiff discreetly recorded a video of the robbery that occurred on August 1, 2021, at the Chanel fragrance counter inside Macy's, and shared it with Krista Griffin and told her to provide the video for evidence to the police. Plaintiff was suspended, banned, and no longer ever re-hirable with Macy's and Bloomingdales. MAC provided Plaintiff with two options: quit or step down as an on-call freelancer. MAC forced Plaintiff to step down.

35.     Plaintiff was humiliated when Krista Griffin and Grace Granados escorted her outside. Further, security was outside watching Plaintiff when she was walking down to her car. Defendants treated Plaintiff as if she was the one who committed the robbery.

36.     This harassing conduct by Defendants was severe or pervasive and was unwelcome by

1    Plaintiff.

2         37.    A reasonable person in Plaintiff's circumstances would have considered the work

3    environment to be abusive, and Plaintiff considered it abusive.

4         38.    Defendants were engaged in unwanted harassing conduct against Plaintiff.  Defendants

5    knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

6    Employers are automatically liable for harassment committed by a manager or supervisor.  See 2

7    *Cal.C.Regs.* § 11019(b)(2).

8         39.    Defendants violated the FEHA and the public policy of the State of California, which is

9    embodied in the FEHA, by creating an abusive work environment and harassing Plaintiff because of

10   Plaintiff's protected activity.  Such violations were a proximate cause of Plaintiff's damages.

11        40.    As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff

12   suffered and continues to suffer economic and non-economic damages to an extent and amount according

13   to proof at trial.  Economic damages shall include but are not limited to all claims for lost wages, benefits,

14   salary increases, and income, both past and future.  Non-economic damages shall include but are not

15   limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish

16   that has been and/or will foreseeably be experienced by Plaintiff, all to her damage and detriment, in a

17   sum to be determined at the time of trial.

18        41.    As a proximate result of Defendants' willful, knowing, and intentional harassment,

19   Plaintiff has sustained and continues to sustain substantial losses, including, but not limited to, losses in

20   earnings and other employment benefits, the intangible loss of employment-related opportunities for

21   growth in Plaintiff's field, and damage to Plaintiff's professional reputation, all in an amount subject to

22   proof at the time of trial.

23        42.    The wrongful acts against Plaintiff were carried out, authorized, or ratified by Defendants'

1   agents, officers and/or supervisors, acting with malice, oppression or fraud, or deliberate, willful, and

2   conscious disregard of the probability of causing injury to Plaintiff and with the intent to deprive Plaintiff

3   of her employment rights. Defendants' conduct was also malicious and oppressive in that Plaintiff was

4   forced to quit or step down as an on-call freelancer. On that basis, Plaintiff seeks punitive and exemplary

5   damages against Defendants as a means of punishing Defendants and by way of example to deter such

6   behavior in the future as being contrary to sound public policy.

7       43.    As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been

8   compelled to retain legal counsel and is entitled to reasonable attorney's fees and costs of suit, pursuant

9   to Government Code, section 12965, subdivision (b).

**SECOND CAUSE OF ACTION**
**(Retaliation in Violation of Labor Code §1102.5)**
**(Against All Defendants)**

13       44.    Plaintiff repeats, re-alleges, and incorporates by reference the paragraphs 1–28 with the

14   same force and effect as though fully set forth herein.

15       45.    At all relevant times, Labor Code, section 1102.5 was in effect and was binding on

16   Defendants. This statute prohibits Defendants from retaliating against any employee, including Plaintiff,

17   for raising complaints of illegality.

18       46.    Plaintiff shared the video of the robbery with Krista Griffin and requested her to provide

19   it as evidence to the police. This ultimately led to adverse employment actions against Plaintiff.

20       47.    As a direct and proximate result of Defendants' unlawful employment practices and

21   intentional violations of Labor Code, section 1102.5, Plaintiff suffered and continues to suffer economic

22   and non-economic damages according to proof at trial. Economic damages shall include but are not

23   limited to all claims for lost wages, benefits, salary increases, and income, both past and future. Non-

24   economic damages shall include but are not limited to the fear, humiliation, emotional distress, and

1  mental, emotional or physical pain and anguish that has been and/or will foreseeably be experienced by

2  Plaintiff in a sum to be determined at the time of trial.

3     48.     Plaintiff is entitled to compensatory, punitive damages, civil penalty, and attorney's fees

4  under Code of Civil Procedure, section 1021.5.

**THIRD CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Against All Defendants)**

8     49.     Plaintiff repeats, re-alleges, and incorporates by reference the paragraphs 1–28 with the

9  same force and effect as though fully set forth herein.

10    50.     Plaintiff is entitled to recover for the intentional infliction of emotional distress where, "(1)

11  extreme and outrageous conduct by the Defendant with the intention of causing, or reckless disregard of

12  the probability of causing, emotional distress; (2) the Plaintiff suffering severe or extreme emotional

13  distress; and (3) actual and proximate causation of the emotional distress by the Defendant's outrageous

14  conduct."

15    51.     California Courts have long held that FEHA violations, like those at issue here, are extreme

16  and outrageous, like harassment in the workplace is extreme and outrageous.

17    52.     Conduct is extreme and outrageous when it exceeds all bounds of decency usually tolerated

18  by a decent society and is of a nature that is specially calculated to cause and does cause mental distress.

19  Behavior may be considered outrageous if a defendant (1) abuses a relation or position which gives

20  him/her the power to damage plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through

21  mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to

22  result in illness through mental distress.

23    53.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted

24  severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

LAW
OFFICES OF
JEROME A.
CLAY

54.     Defendants knew that treating Plaintiff unfairly, including depriving her of her livelihood, would devastate her and cause her extreme hardship.

55.     In committing the outrageous acts and omissions, Defendants knew or should have known that their conduct would result in Plaintiff's severe emotional distress, and Defendants' acts and omissions were perpetrated with the intent to inflict and/or with reckless disregard for the probability of inflicting humiliation, mental anguish, and severe emotional distress on Plaintiff.

56.     As a proximate result of Defendants' wrongful acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitations loss of salary and benefits and loss of employment-related opportunities, medical benefits, and other benefits, including retirement, all in an amount subject to proof at the time of trial.

57.     Plaintiff is informed and believes and, upon such information and belief, alleges that she will continue to experience said pain and emotional suffering for a period in the future for which she cannot presently ascertain the amount but to be determined at the time of trial.

## FOURTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy of the State of California)
### (Against All Defendants)

58.     Plaintiff repeats, re-alleges, and incorporates by reference the paragraphs 1–28 with the same force and effect as though fully set forth herein.

59.     Defendants terminated Plaintiff's employment in violation of various fundamental public policies underlying both State and Federal laws.

60.     As a proximate result of Defendants' wrongful termination of Plaintiff's employment in violation of fundamental public policies, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof at trial.

LAW
OFFICES OF
JEROME A.
CLAY

61.     As a result of Plaintiff's wrongful termination of her employment, Plaintiff has suffered general and special damages according to proof at trial.

62.     Defendants' wrongful termination of Plaintiff's employment was done intentionally, in a malicious, fraudulent, oppressive manner, entitling Plaintiff to punitive damages.

63.     Defendants acted with oppression and malice, as those terms are used in Code of Civil Procedure, section 3294.  As such, Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YILENIA ARAUZ, respectfully prays for relief against Defendants as follows:

(i)     For all actual, consequential, and incidental financial losses, including but not limited to loss of earnings, employment benefits, and employment opportunities according to proof at trial;

(ii)    For compensatory, general, and punitive damages according to proof at trial;

(iii)   For civil penalty in an amount not exceeding 10,000.00 for each violation of Labor Code, section 1102.5.

(iv)    For statutory attorney's fees and costs of suit herein;

(v)     For pre-judgment and post-judgment interest, at the legal rate;

(vi)    For declaratory relief, including entry of a judgment declaring that the acts and practices of Defendants and their agents and employees as set forth herein violate the foregoing provisions of law; and

(vii)   For such other and further relief as the Court deems just and proper.

LAW
OFFICES OF
JEROME A.
CLAY

1    August 15, 2022

                                                                   Respectfully submitted,

2
3                                                      /s/ Jerome A Clay
4                                                      JEROME ANTHONY CLAY, JR, ESQ.
5                                                    *Attorney for Plaintiff*
                                                   YILENIA ARAUZ

**Exhibit "A"**
(Right to Sue Notice Letter dated June 15, 2022)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                           KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 15, 2022

Jerome Clay
5178 Mowry Avenue, Suite 145
Fremont, CA 94538

RE:   **Notice to Complainant's Attorney**
DFEH Matter Number: 202206-17303015
Right to Sue: ARAUZ / M.A.C. Cosmetics

Dear Jerome Clay:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 15, 2022

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202206-17303015
      Right to Sue: ARAUZ / M.A.C. Cosmetics

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                 KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 15, 2022

YILENIA ARAUZ

,

RE:     **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202206-17303015
Right to Sue: ARAUZ / M.A.C. Cosmetics

Dear YILENIA ARAUZ:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 15, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                                 GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

| | |
|---|---|
| 1 | **COMPLAINT OF EMPLOYMENT DISCRIMINATION** |
| 2 | **BEFORE THE STATE OF CALIFORNIA** |
| 3 | **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING** |
| | **Under the California Fair Employment and Housing Act** |
| | **(Gov. Code, § 12900 et seq.)** |

**In the Matter of the Complaint of**
YILENIA ARAUZ

DFEH No. 202206-17303015

Complainant,

vs.

M.A.C. Cosmetics
5242 Pacific Avenue
Stockton, CA 95207

Respondents

---

**1.** Respondent **M.A.C. Cosmetics** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **YILENIA ARAUZ**, resides in the City of , State of .

**3.** Complainant alleges that on or about **August 1, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's other. protected characteristics

**Complainant was discriminated against** because of complainant's other protected characteristics and as a result of the discrimination was terminated, suspended.

**Complainant experienced retaliation** because complainant participated as a witness in a discrimination or harassment complaint and as a result was terminated, suspended.

**Additional Complaint Details:** On August 1, 2021, a robbery occurred inside Macy's store. The Complainant, Yilenia Arauz ("Complainant") recorded the robbery discreetly. After the robbers left the premises, Complainant told Krista Griffin (a Macy's manager) that she had a video of the robbery. With a lot of excitement in her voice, Krista Griffin told Complainant to

-1-
Complaint – DFEH No. 202206-17303015

Date Filed: June 15, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1   send her the video.  The Complainant told Krista Griffin to provide this video for evidence to
2   the police.

3   The Complainant told her friend, who works at Dillard's across the street from Macy's, about
    what happened and to be vigilant in case they decide to hit them next.  Complainant's friend
4   asked her what these people looked like?  She told her that she had a video of what had
    happened.  Complainant's friend asked Complaint if she could see that video?  So,
5   Complainant sent the video to her.

6   After that, Krista Griffin approached Complainant with Asset Protection, asking Complainant
    if she had sent the video to anyone else.  The Complainant said, "Yeah, you and my friend".
7   Krista Griffin told Complainant to call her friend and get this video taken down because it
    was going viral, and they did not want any media attention on the robbery.  Further, Krista
8   Griffin stated that if this video was not taken down, it would jeopardize Complainant's job.
    Krista Griffin incited fear, and Complainant felt bullied when Krista told Complainant that if
9   this video was not taken down, it would come back and affect Complainant.

10  Krista Griffin then pulled Complainant aside, took her to MAC's office with Grace Granados,
11  and told Complainant that she was suspended until further notice.

12  The Complainant was informed that she had violated Macy's policy.  The Complainant never
    knew Macy's this policy.  Krista Griffin never provided said policy to Complainant.  The only
13  training Complainant received was about sexual harassment, safety, and what to do when
    there is an active shooter.
14
15  Krista Griffin and Grace Granados later escorted Complainant outside the store, and
    Complainant felt humiliated and degraded when they did that.  They treated Complainant as
16  if she was the one who committed robbery.  Also, security was outside watching her when
    the Complainant was walking to her car.

17  On August 5, 2021, Renee (Macy's store manager) called the Complainant and gave her
    hope that everything would be fixed and bare with her.  But, two weeks after the
18  Complainant was suspended, Macy informed MAC's HR that Macy decided they did not
    want Complainant back anymore because she violated their policy and recording was a
19  safety issue.  They also said that Complainant was banned and no longer ever re-hirable
    with Macy's and Bloomingdales.  However, Macy appreciated Complainant's video.
20
21  MAC HR informed Complainant that they had nothing to offer the Complainant at a MAC
    store.  MAC told Complainant that she had two options: quit or step down as an on-call
22  freelancer.  The Complainant chose to step down because she wanted to still qualify for
    unemployment.  There is more.
23

24

25

26                                         -2-
                              Complaint – DFEH No. 202206-17303015
27
    Date Filed: June 15, 2022
28

                                                    Form DFEH-ENF 80 RS (Revised 02/22)

1  VERIFICATION

2  I, **Jerome Anthony Clay, Jr.,** am the **Attorney** in the above-entitled complaint.  I have
3  read the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
   On June 15, 2022, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                        **Fremont, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                      -3-
                                   *Complaint – DFEH No. 202206-17303015*
27
   Date Filed: June 15, 2022
28
                                                           Form DFEH-ENF 80 RS (Revised 02/22)



# Superior Court of California, County of San Joaquin
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

>  *Indicating your preference on Case Management Statement form CM-110;

>  *Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or

>  *Agree to ADR at your initial Case Management Conference.

> **Questions?** Call (209) 992-5693 and ask for the ADR Clerk,
> email at adr@sjcourts.org  or visit the court website at www.sjcourts.org

---

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court. The most common forms of ADR are mediation and arbitration. There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials. It is important to find the type or types of ADR that are most likely to resolve your dispute.

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorney's fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

*ADR Information Packet (7/15)*

## What is the Disadvantage of using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Cost* – The neutral may charge a fee for their services.
- *Timelines* – Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

## What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
    - ➢ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices. The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**
    - ➢ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. A copy of the Civil Mediation Program Panelist is available on the court website at www.sjcourts.org
      See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
    - ➢ *Judicial Arbitration Program* (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award *and proceed to trial.* See Local Rule 3-122 for additional Judicial Arbitration information.
    - ➢ *Private Arbitration* (binding and non-binding): Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

*ADR Information Packet (7/15)*

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

    STREET ADDRESS:

    MAILING ADDRESS:

    CITY AND ZIP CODE:

    BRANCH NAME:

  PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**  ☐ **LIMITED CASE** | |
|     (Amount demanded     (Amount demanded is $25,000 | |
|     exceeds $25,000)     or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:           Div.:           Room:

Address of court *(if different from the address above):*

☐  **Notice of Intent to Appear by Telephone,** by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐  This statement is submitted by party *(name):*
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*
      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐  have had a default entered against them *(specify names):*
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.  Type of case in ☐ complaint   ☐ cross-complaint   *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** *(if available).*

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a.  ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b.  Reservation of rights: ☐ Yes ☐ No
   c.  ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify)*:
   Status:

**13. Related cases, consolidation, and coordination**
   a.  ☐ There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
       ☐ Additional cases are described in Attachment 13a.
   b.  ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
   a.  ☐ The party or parties have completed all discovery.
   b.  ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

   c.  ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO.:<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

| ☐LODI Branch<br>315 W. Elm St.<br>Lodi, CA 95240 | ☐ MANTECA Branch<br>315 E. Center St.<br>Manteca, CA 95336 | ☐ TRACY Branch<br>475 E. 10ᵗʰ St.<br>Tracy, CA 95376 | ☐STOCKTON Branch<br>222 E. Weber Ave.<br>Stockton, CA 95202 |
|---|---|---|---|

| Plaintiff(s)/Petitioner(s): | |
|---|---|
| Defendant(s)/Respondent(s): | CASE NUMBER: |

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):

☐Voluntary Mediation                                                          ☐Other (specify):

☐Non-Binding Judicial Arbitration CCP 1141.12                   _____

☐Binding Arbitration (private)                                            _____

Case Type: _____

Is the Neutral you selected listed on the Court's Panel of Mediators?   ☐ Yes          ☐ No

Neutral's name and telephone number: _____ /(_____)_____

Date/Time of ADR Session: _____/_____a.m./p.m.   Location of ADR Session:_____

Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:

_____

_____

Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR.  Original signatures required.

Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent

_____(Signature)<br>Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent

_____(Signature)<br>Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent

_____(Signature)<br>Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent

_____(Signature)<br>Attorney or Party without attorney

## IT IS SO ORDERED:  Dated:_____    _____

Judge of the Superior Court

An ADR Review Hearing is scheduled for _____at _____a.m/p.m. in Dept. No. _____.

In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Sup Crt 441 (6/09)

EXHIBIT B

1   MORGAN, LEWIS & BOCKIUS LLP
    Michael D. Weil, Bar No. 209056
2   One Market
    Spear Street Tower
3   San Francisco, CA  94105-1596
    Tel:    +1.415.442.1000
4   Fax:    +1.415.442.1001
    michael.weil@morganlewis.com
5
    MORGAN, LEWIS & BOCKIUS LLP
6   Claire M. Lesikar, Bar No. 311180
    1400 Page Mill Road
7   Palo Alto, CA 94304
    Tel:    +1.650.843.4000
8   Fax:    +1.650.843.4001
    claire.lesikar@morganlewis.com
9
    Attorneys for Defendant
10  M.A.C. COSMETICS, INC.

**Electronically Filed**
**Superior Court of California**
**County of San Joaquin**
**2022-09-20 11:51:55**
**Clerk: Natalie Bashaw**

11

12                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                              COUNTY OF SAN JOAQUIN

14

15   YILENIA ARAUZ, an individual,              Case No. STK-CV-UWT-2022-0007106

16                 Plaintiff,                   **DEFENDANT M.A.C. COSMETICS,**
                                                **INC.'S ANSWER TO PLAINTIFF**
17          vs.                                 **YILENIA ARAUZ'S UNVERIFIED**
                                                **COMPLAINT**
18   MAC COSMETICS, INC., a Delaware
     corporation and DOES 1 though 10, inclusive,   Date Action Filed: August 15, 2022
19
                  Defendant.
20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

_____
                    DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendant M.A.C. Cosmetics, Inc. (incorrectly named as "MAC Cosmetics, Inc.") ("Defendant") by and through its undersigned counsel, hereby answers Plaintiff Yilenia Arauz's ("Plaintiff") Complaint ("Complaint"), as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each, every, and all material allegations of the Complaint, and each and every purported cause of action set forth therein.  Defendant further denies that Plaintiff or any other individual(s) sought to be represented have been damaged in any sum or sums, or at all.

## DEFENSES

The defenses asserted below are based on Defendant's knowledge, information, and belief at this time.  Defendant reserves the right to modify, amend, and/or supplement any defense at a later time.  Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate defenses to Plaintiff's Complaint and prays for judgment as set forth below:

## FIRST AFFIRMATIVE DEFENSE.

### (Failure to State Sufficient Facts to Constitute a Cause of Action)

1.      Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE.

### (Failure to Join an Indispensable Party)

2.      Plaintiff's Complaint fails to join a party indispensable under California Code of Civil Procedure Section 389.

## THIRD AFFIRMATIVE DEFENSE.

### (Failure to Mitigate Damages)

3.      If Plaintiff sustained any damages by reason of the allegations in the Complaint, which are categorically denied by Defendant, then Plaintiff may not recover for any such damages because, by her own acts and/or omissions, Plaintiff has failed to timely and properly mitigate those damages.

1

**FOURTH AFFIRMATIVE DEFENSE.**

2

**(No Basis for Award of Punitive Damages)**

3    4.  Plaintiff's allegations of each cause of action, whether considered separately or in

4 any combination, fail to state facts sufficient to support an award of punitive damages against

5 Defendant.

**FIFTH AFFIRMATIVE DEFENSE.**

6

**(Punitive Damages Unconstitutional)**

7

8    5.  An award of punitive damages is an unconstitutional denial of Defendant's right

9 to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United

10 States Constitution, the excessive fines clause of the Eighth Amendment to the United States

11 Constitution, and corresponding provisions of the Constitution of the State of California,

12 including Articles I and IV.

13

**SIXTH AFFIRMATIVE DEFENSE.**

14

**(Offset)**

15    6.  Even if the applicable Workers' Compensation laws do not provide the exclusive

16 remedy for Plaintiff's claims, Defendant is entitled to an offset of any benefits Plaintiff receives

17 or has received from workers' compensation or any employee benefit plan for injuries or damages

18 alleged in her Complaint against any award of damages to Plaintiff in this action, consistent with

19 the common law doctrine of offset and the doctrine prohibiting double recovery set forth under

20 *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

21

**SEVENTH AFFIRMATIVE DEFENSE.**

22

**(Workers' Compensation Act Preemption)**

23    7.  The Complaint and each purported cause of action set forth therein seeking

24 damages for alleged emotional and/or physical injury and/or distress are preempted and barred by

25 the exclusive remedy provisions of the California Workers' Compensation Act, codified at

26 California Labor Code Section 3600 *et seq*.

27

**EIGHTH AFFIRMATIVE DEFENSE.**

28

**(Pre-Existing Conditions)**

8.      To the extent Plaintiff has suffered any emotional pain, suffering, inconvenience, mental pain, loss of enjoyment of life, or any other non-pecuniary losses, which is denied, some or all of such injuries are due to personal circumstances existing in Plaintiff's life during the relevant time or to pre-existing conditions, not to any actions of Defendant.

### NINTH AFFIRMATIVE DEFENSE.

### (Fault of Others)

9.      Plaintiff's claims against Defendant are barred because any damages, losses, or liability, if they exist at all, were proximately caused or contributed to by the conduct of others, not Defendant.

### TENTH AFFIRMATIVE DEFENSE.

### (Proportional Fault)

10.    Defendant alleges that any alleged liability, which Defendant denies exists, is attributable only proportionally to Defendant, and such alleged liability, if any and which Defendant denies, is proportionally attributable to other party and/or parties.

### ELEVENTH AFFIRMATIVE DEFENSE.

### (Avoidable Consequences)

11.    Plaintiff's claims, in whole or in part, are barred, or recovery should be reduced, because: (1) Defendant took reasonable steps to prevent and/or correct the conduct alleged in the Complaint; (2) Plaintiff unreasonably failed to use the preventative and/or corrective measures that Defendant provided; and/or (3) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

### TWELFTH AFFIRMATIVE DEFENSE.

### (Privileged Conduct)

12.    Plaintiff's claim for intentional infliction of emotional distress is barred, in whole or in part, because Defendant's alleged conduct was permissible, because (1) Defendant was protecting its economic interest and/or exercising its legal rights, (2) Defendant's conduct was lawful and consistent with community standards; and (3) Defendant had a good-faith belief that it had a legal right to engage in the conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE.**

**(Mixed Motives)**

13.     To the extent that discrimination, harassment and/or retaliation were a motivating factor in the employment decisions affecting Plaintiff's employment, Defendant alleges that legitimate reasons, standing alone, would have induced Defendant to make the same employment decisions.

**FOURTEENTH AFFIRMATIVE DEFENSE.**

**(Statute of Limitations)**

14.     Plaintiff's claims are barred, in whole or in part, and/or such claims of some of the putative class and/or representative action members that Plaintiff seeks to represent are barred in whole or in part by the applicable statutes of limitations, including but not limited to Cal. Govt. Code 12960(e), Cal. Bus. & Prof. Code § 17208, Cal. Civ. Proc. Code § 338(a), and Cal. Civ. Proc. Code § 335.1.

**FIFTEENTH AFFIRMATIVE DEFENSE.**

**(Laches)**

15.     Plaintiff's claims, in whole or in part, are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH AFFIRMATIVE DEFENSE.**

**(Estoppel)**

16.     Plaintiff, by reasons of her acts, conduct, and omissions, is estopped from obtaining the relief sought in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE.**

**(Unclean Hands)**

17.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE.**

**(Comparative Fault and/or Negligence)**

18.     Without admitting that Plaintiff is entitled to any recovery, Defendant alleges that any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's own

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

1   fault and/or negligence.

2   **NINETEENTH AFFIRMATIVE DEFENSE.**

3   **(Waiver)**

4   19.     Plaintiff, by reasons of her acts, conduct, and omissions, has waived her right, if

5   any, to obtain the relief sought in the Complaint.

6   **TWENTIETH AFFIRMATIVE DEFENSE.**

7   **(Measures to Prevent Harassment, Discrimination, and Retaliation)**

8   20.     Plaintiff is barred from recovering damages because Defendant had in place a

9   policy to prevent discrimination, harassment, and/or retaliation in its workplace and made good

10   faith efforts to implement and enforce that policy.

11   **TWENTY-FIRST AFFIRMATIVE DEFENSE.**

12   **(After-Acquired Evidence)**

13   **21.**     Defendant alleges that to the extent during the course of this litigation Defendant

14   acquires any evidence of wrongdoing of Plaintiff, which wrongdoing would have materially

15   affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff

16   being either demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's

17   claim on liability or damages and shall reduce such claim as provided by law.

18   **RESERVATION OF RIGHTS**

19   Defendant reserves its right to assert such additional defenses that may appear and prove

20   applicable during the course of this litigation.

21   WHEREFORE, Defendant prays for judgment as follows:

22   1.     Plaintiff takes nothing against Defendant by the Complaint and that their

23          Complaint be dismissed with prejudice;

24   2.     Judgment be entered against Plaintiff and in favor of Defendant;

25   3.     Defendant be awarded its costs of suit incurred due to Plaintiff's Complaint,

26          inclusive of reasonable attorney's fees according to law; and;

27   4.     For such other and further relief as the Court may deem just and proper.

28

1   Dated:  September 20, 2022                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                                 By_____
                                                      Michael D. Weil
4                                                     Claire M. Lesikar
                                                      Attorneys for Defendant
5                                                     M.A.C. COSMETICS, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

                                      - 7 -

## PROOF OF SERVICE

I, Lilliam Quave, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1596. On September 20, 2022, I served a copy of the within document:

**DEFENDANT M.A.C. COSMETICS, INC.'S ANSWER TO PLAINTIFF YILENIA ARAUZ'S UNVERIFIED COMPLAINT**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐     by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Jerome Anthony Clay, Jr., Esq.
LAW OFFICES OF JEROME A. CLAY
5178 Mowry Avenue, Suite 145
Fremont, CA 94538
Phone: 209-603-9852
Fax: 510-280-2841
Email: jclay7@claylaw.net

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 20, 2022, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Lilliam Quave*
Lilliam Quave

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO