UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YILENIA ARAUZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MAC COSMETICS, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:22-cv-01663-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

On August 15, 2022, Plaintiff Yilenia Arauz ("Plaintiff") filed her Complaint in the Superior Court of California, County of San Joaquin, against her former employer, Defendant MAC Cosmetics, Inc. ("Defendant"). See Ex. A, Not. Removal, ECF No. 1, at 12–45 ("Compl."). Defendant subsequently removed the case to this Court on September 21, 2022, pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. See Not. Removal, ECF No. 1, at 1–10 ("Not. Removal"). Presently before the Court is Plaintiff's Motion to Remand, which has been fully briefed. ECF Nos. 7 ("Pl.'s Mot."), 9 ("Def.'s Opp'n"), 10. For the reasons set forth below, Plaintiff's Motion is DENIED.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

**BACKGROUND**

In her Complaint, Plaintiff asserts the following causes of action against Defendant:  (1) Harassment in Violation of California Government Code §§ 12940 et seq.; (2) Retaliation in Violation of California Labor Code § 1102.5; (3) Intentional Infliction of Emotional Distress; and (4) Wrongful Termination in Violation of Public Policy of the State of California.  See Compl., at 22–27.  Plaintiff seeks the following in her Prayer for Relief:

    (i)    For all actual, consequential, and incidental financial losses, including but not limited to loss of earnings, employment benefits, and employment opportunities according to proof at trial;

    (ii)    For compensatory, general, and punitive damages according to proof at trial;

    (iii)    For civil penalty in an amount not exceeding [$]10,000.00 for each violation of Labor Code, section 1102.5[;]

    (iv)    For statutory attorney's fees and costs of suit herein;

    (v)    For pre-judgment and post-judgment interest, at the legal rate;

    (vi)    For declaratory relief, including entry of a judgment declaring that the acts and practices of Defendants and their agents and employees as set forth herein violate the foregoing provisions of law; and

    (vii)    For such other and further relief as the Court deems just and proper.

Id. at 27.

**STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  There are

2

two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States, [or] citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id.  Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

## ANALYSIS

There is no dispute that Plaintiff is a citizen of California whereas Defendant is a Delaware corporation with its principal place of business in New York.  Not. Removal ¶¶ 8–14; see 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of both the state where it was incorporated and the state where it has its primary place of business).  At issue here is whether the amount in controversy requirement is satisfied.

**A.    Amount in Controversy**

"Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant

3

bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Urbino v. Orkin Serv. of Cal., Inc., 726 F.3d 1118, 1121–22 (9th Cir. 2013) (internal citations and quotation marks omitted). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "In assessing the amount in controversy, [a court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018).

### 1. State Court Complaint

As an initial matter, Plaintiff filed her case as an "unlimited" civil case, which means the "[a]mount demanded exceeds $25,000." See Compl., at 13; Cal. Civ. Proc. Code § 85(a). Therefore, "the court can reasonably infer that more than $25,000 is at issue in this matter." Baghdasarian v. Macy's, Inc., No. 2:21-CV-04153-AB (MAAx), 2021 WL 4026760, at *5 (C.D. Cal. Sept. 2, 2021).

### 2. Loss of Earnings

Defendant argues that the combined awards for back and front pay alone exceed $75,000. See Not. Removal ¶¶ 17–20 (totaling $114,945). "'Front pay' is 'a measure of damages for loss of future income, as opposed to backpay, which is lost-wages damages through the time of trial.'" Andrade v. Arby's Rest. Grp., Inc., 225 F. Supp. 3d 1115, 1140 (N.D. Cal. 2016) (quoting Horsford v. Bd. of Trustees of Cal. State Univ., 132 Cal. App. 4th 359, 388 (2005)).

According to Defendant, "[a]t the time of her removal from the Macy's store, Plaintiff earned $17.00 per hour and worked an average of 21.4 hours per week, which equates to approximately $1,455 in base monthly salary, not including overtime." Id. ¶ 17 ($17 pay rate x 21.4 hours per week x 4 weeks per month = $1,455.20); see also Mayhugh Decl., ECF No. 1-1 (declaration from the Director of Human Resources for North America Retail and Field at the Estée Lauder Companies, Inc., Defendant's parent

4

company) (stating he accessed and reviewed Plaintiff's personnel records). To calculate back pay, Defendant surmises that a jury trial in this District will not occur for almost three years from the date of removal (i.e., 31 months between the date of removal on September 21, 2022, and an estimated trial date of March 15, 2025). See Not. Removal ¶ 17. Adding 12 months between Plaintiff's last day worked and the date of removal, Defendant utilizes 43 months to calculate the back pay wages claim (31 months + 12 months). Id. As such, Plaintiff's back pay wages would be approximately $62,565 ($1,455 base monthly salary x 43 months). Id. ¶¶ 17–18.

The Court is hesitant to calculate back pay damages based on a hypothetical trial date three years from now. With that said, "[w]hen the date of a trial is not set, courts have found one year from the date of removal to be a conservative trial date estimate." See, e.g., Beltran v. Procare Pharmacy, LLC, No. 2:19-cv-08819-ODW (RAOx), 2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020) (collecting cases). Therefore, the Court will utilize 12 months (Plaintiff's last day of work to the date of removal), plus another 12 months (date of removal to estimated trial date), which totals 24 months. As a result, this places $34,920 for back pay in controversy ($1,455 x 24 months).

As for front pay damages, Defendant claims that "[e]ven conservatively estimating that Plaintiff seeks front pay damages that are equivalent to approximately half of her tenure with [Defendant], the amount of future wages in controversy in this case would total an additional $52,380 ($1,455 x 36 months)." Not. Removal ¶ 19. However, front pay relates to loss of future income and thus is not based on the number of years Plaintiff worked for Defendant. Because "the Complaint does not expressly seek [three] years front pay[,] . . . . Defendant's conjecture that Plaintiff could seek or be entitled to [three] years front pay is speculative and insufficient to meet its burden." Paris v. Michael Aram, Inc., No. CV 18-0067 PA (SKx), 2018 WL 501560, at *2 (C.D. Cal. Jan. 22, 2018). Thus, the Court will not consider any front pay in determining the amount in controversy.

///

Plaintiff does not raise any specific challenges to Defendant's calculations but instead makes more generalized arguments that Defendant failed to meet its burden. For example, she contends that "Defendant's calculation is based on the event after removal and not at the time of removal," and that "Defendant presented no evidence showing Plaintiff's lost wages at the time of removal." Pl.'s Mot., at 7. However, the Ninth Circuit has held that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)." Chavez, 888 F.3d at 414. "Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." Id. at 414–15; see also Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."). As for evidence, Defendant provided a declaration from its parent company's director of human resources in which he states that he has access to personnel records and that he reviewed Plaintiff's records showing her pay history to find her hourly rate and the average number of hours she worked per week during her last month of full employment. See Mayhugh Decl., ECF No. 1-1; Chavez, 888 F.3d at 416 (stating a court may consider summary-judgment-type evidence).

Plaintiff also argues that "Defendant has presented no evidence regarding mitigation of damages in Plaintiff's case nor the effect of such mitigation at the time of removal." Pl.'s Mot., at 7 (stating that she "has a duty to mitigate her damages by seeking alternative employment."). However, Plaintiff "did not provide any evidence of her employment status since termination for the court to consider," and thus "accounting for any potential offsets or mitigation in the amount-in-controversy calculation at this point would itself be 'pure speculation.'" See Buchanan v. Atria Senior Living, Inc., No. 2:22-cv-00279-DAD-CKD, 2022 WL 5241298, at *3 (E.D. Cal. Oct. 6, 2022). Therefore, the amount in controversy is currently $59,920 ($25,000 + $34,920).

### 3. Attorneys' Fees

Defendant also argues that Plaintiff's claim for attorney's fees places additional amounts in controversy. See Not. Removal ¶¶ 23–26. Specifically, Defendant claims that "[c]onservatively assuming that Plaintiff's counsel charges $300 per hour, attorneys' fees would total $75,000 after 250 hours of work." Id. ¶ 25. Plaintiff counters that Defendant's calculation is based on assumptions, see Pl.'s Mot., at 7–8, but she does not actually dispute these numbers nor does her counsel provide any evidence of their actual hourly rates. Based on its own experience, the Court finds that a $300 hourly rate is reasonable in this District. See Buchanan, 2022 WL 5241298, at *3 (using a $400 hourly rate and 200 hours of work in calculating attorneys' fees for the amount in controversy). Because the amount in controversy is already $59,920, only 50.3 hours of work is needed to reach the jurisdictional amount, which is far below Defendant's estimate of 250 hours (50.3 hours x $300 per hour = $15,090 + $59,920 = $75,010).

### 4. Conclusion

In sum, the Court finds that Defendant has shown by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000 ($25,000 + $34,920 in back pay + $15,090 in attorney's fees = $75,010). Because the awards for back pay and attorney's fees are sufficient, the Court need not address any additional amounts for emotional distress or punitive damages.

### B. Plaintiff's Post-Removal Declaration

Plaintiff argues that "[b]ecause the amount in controversy was ambiguous at the time of removal, the Court may consider a post-removal stipulation to determine the amount in controversy." Pl.'s Mot., at 8. As a result, Plaintiff provides a declaration in support of her Motion which states the following: "If the case is remanded to San Joaquin County Superior Court, I will not seek or accept more than $75,000.00 in damages, including attorney's fees, and will remit any amount over $75,000.00 awarded by a judge or jury." Pl.'s Decl., ECF No. 7, at 10 ¶ 5.

///

The Supreme Court has held that if a "plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, [it will] not deprive the district court of jurisdiction." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).

> While under St. Paul Mercury, a plaintiff may not reduce or change her demand for damages by way of stipulation to defeat diversity jurisdiction, the Court did not prohibit post-removal stipulations in their entirety. St. Paul Mercury only prohibits post-removal attempts to defeat federal jurisdiction by stipulation where federal jurisdiction existed at the time of removal. Thus, where a complaint is ambiguous as to the amount in controversy, a plaintiff's post-removal declaration that the amount in controversy was less than $75,000 prior to removal may be sufficient to show lack of jurisdiction.
>
> Courts consider stipulations that clarify the amount in controversy in situations where (1) state pleading rules leave plaintiffs with no other option but to specify an ambiguous amount in controversy in the complaint, or (2) where the stipulation indicates that the amount in controversy at the time of removal fell below the jurisdiction limit.

Gillette v. Peerless Ins. Co., No. CV 13-03161 DDP (RZx), 2013 WL 3983872, at *3–4 (C.D. Cal. July 31, 2013) (internal citations omitted).

Here, Plaintiff's post-removal declaration does not meet either of the aforementioned situations. Plaintiff does not cite, nor is the Court aware of any, state pleading rules "that would have limited Plaintiff's ability to place a value on her damages in the complaint." Id. at *4. Additionally, "Plaintiff does not explain how she determined the amount in controversy to be less than $75,000, nor does she allege any facts that show federal jurisdiction never attached to this case," especially since this Court just determined that federal diversity jurisdiction exists. Id. It is also worth noting that Plaintiff explicitly states that she will not seek or accept more than $75,000 if the case is remanded, which means that "Plaintiff's willingness to enter into a binding stipulation 'in exchange for remand' clearly reserves the right to pursue more than [$75,000] if her case is not remanded to state court." See id. ("Therefore, her declaration actually serves to clarify that the amount in controversy exceeds the jurisdictional threshold.") (internal citation omitted). As such, because Plaintiff's declaration does not clarify that the

8

amount in controversy was less than $75,000 prior to removal, the Court will not consider it in its decision.  Accordingly, for all the reasons set forth above, Plaintiff's Motion to Remand is DENIED.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 7, is DENIED.

IT IS SO ORDERED.

Dated: May 4, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE