UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YILENIA ARAUZ, | No. 2:22-cv-01663-DC-CSK |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO REOPEN THE TIME TO FILE AN APPEAL |
| M.A.C. COSMETICS, INC., | |
| Defendant. | (Doc. No. 28) |

This matter is before the court on Plaintiff Yilenia Arauz's motion to reopen the time to file an appeal. (Doc. No. 28.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 29.) For the reasons explained below, Plaintiff's motion will be denied.

On July 18, 2025, this court granted summary judgment in favor of Defendant, denied Plaintiff's motion for leave to file a first amended complaint, and closed this case.[1] (Doc. No. 26.) On that same day, judgment was entered in favor of Defendant against Plaintiff. (Doc. No. 27.)

On December 1, 2025, Plaintiff filed the pending motion to reopen the time to file an appeal, claiming that she did not learn of the judgment until November 15, 2025. (Doc. No. 28 at

---

[1] This court signed the order granting Defendant's motion for summary judgment and denying Plaintiff's motion for leave to file a first amended complaint on July 17, 2025, though the order was not docketed until July 18, 2025. (Doc. No. 26.)

1

2.) On December 15, 2025, Defendant filed an opposition to Plaintiff's motion. (Doc. No. 30.)

Under Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal must be filed within 30 days after the entry of judgment. Fed. R. App. P. 4(a)(1)(A). However, a district court may reopen the time to file an appeal for fourteen (14) days from the time an order to reopen is entered, but only if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

As to the first condition, the question is whether Plaintiff received timely notice of the entry of judgement. *Nunley v. City of Los Angeles*, 52 F.3d 792, 795–796 (9th Cir. 1995). Though Plaintiff bears the burden of demonstrating she did not receive timely notice, the presumption of receipt of notice may be rebutted if Plaintiff "specifically denies receipt of notice . . . ." *Id.* at 796. Once the Plaintiff has denied receipt, the court "must then weigh the evidence and make a considered factual determination concerning receipt . . . ." *Id.*

Here, Plaintiff specifically denies she received notice of the entry of judgment within twenty-one (21) days after its entry and instead asserts she first learned of it on November 15, 2025, when counsel for Plaintiff reviewed the docket. (Doc. No. 28 at 2.) In support, counsel for Plaintiff submitted a declaration stating he reviewed his email, Case Management/Electronic Case File ("CM/ECF") notifications, and physical mail, but did not receive notice of the judgment. (Doc. No. 28 at 8, ¶¶ 3–5.) However, Plaintiff does not submit evidence or provide additional explanation to support a factual finding that she did not receive notice. *See Prater v. Goodwin*, No. 5:14-cv-04876-HRL, 2017 U.S. Dist. LEXIS 146706, at *3 (N.D. Cal. Sep. 11, 2017) (citing *Nunley*, 52 F.3d at 796).

Pursuant to Federal Rule of Civil Procedure 77(d), notice must be served in accordance

with Federal Rule of Civil Procedure 5(b), which includes "sending it to a registered user by filing it with the court's electronic-filing system" as one of the permissible ways of effecting service. Fed. R. Civ. P. 5(b)(2)(E). The court has reviewed the Notice of Electronic Filing[2] on CM/ECF for both the order on Defendant's motion for summary judgment and the entry of judgment in favor of Defendant. Importantly, the receipts for each of the Notices of Electronic Filing confirm that notice of the order and the entry of judgment was electronically served via email on "jclay7@claylaw.net," which is the email address of record for Plaintiff's counsel. (Doc. Nos. 26, 27). Notably, Plaintiff does not argue, for example, that her counsel's email address of record is incorrect. Further, throughout the pendency of the case, Plaintiff has consistently filed timely responses to Notices of Electronic filings, which were served on that same email address. (Doc. Nos. 10; 18; 24; 30 at 5.) Therefore, the court finds no basis upon which to infer that Plaintiff did not receive notice of the judgment entered by the court on July 18, 2025.

Because all the conditions under Rule 4(a)(6) must be satisfied before the court may grant Plaintiff's requested relief and Plaintiff has not satisfied the first condition, the court need not address whether the second and third conditions set forth in Rule 4(a)(6) are satisfied. Accordingly, the court will deny Plaintiff's motion to reopen the time to file an appeal.

Accordingly:

1.    Plaintiff's motion to reopen the time to file an appeal (Doc. No. 28) is DENIED; and

/////

/////

/////

/////

/////

/////

---

[2] Notice of Electronic Filing is a notice automatically generated by CM/ECF when a document is filed with the system and constitutes automatic service of the document on all other parties. E.D. Cal. L.R. 135(a).

3

2.      The case shall remain closed.

IT IS SO ORDERED.

Dated:    **January 26, 2026**

 

Dena Coggins
United States District Judge

4